IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:22-cr-00261-RK |
| CLAUDE CHI, ET AL., | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' JOINT MOTION FOR JUDICIAL NOTICE,
ADVANCED MOTION IN LIMINE TO ADMIT EVIDENCE,
AND PROPOSED THEORY OF DEFENSE FOR TRIAL**

Defendants, Claude Chi, Francis Chenyi, Sr., and Lah Langmi, by and through undersigned counsel, and pursuant to Rule 201 of the Federal Rules of Evidence, and the Fifth and Sixth Amendments to the United States Constitution, move the Court to take judicial notice and admit certain evidence before trial in support of their proposed theory of defense. A pretrial resolution of these issues would mutually benefit the parties and could be determinative of the need for a jury trial. A pretrial resolution of these issues would also promote judicial and government resources, and protect Defendants' due process rights by enabling them to intelligently explore and negotiate potential plea agreements that could obviate the need for a jury trial. Based on the record and the previously presented arguments, this Court should grant Defendants' joint motion for judicial notice, motion in limine, and requested theory of defense for the following reasons:

**STANDARD**

The Court may take judicial notice of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also United States v. Deckard*, 816 F.2d 426, 428 (8th Cir. 1987). A court

must take judicial notice if requested by a party and supplied with the necessary information. Fed. R. Evid. 201(c).

Courts may "take judicial notice of judicial opinions and public records." *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005); *Young v. Time Warner Cable Capital*, No. 04-0651-CV-W-HFS, 2006 WL 2927569, at *1 n.2 (W.D. Mo. Oct. 12, 2006). Additionally, courts may take judicial notice of political matters and political conditions of countries involved in litigations. *See Collins v. Loisel*, 66 L. Ed. 956, 259 U.S. 309, 314 (1922) (taking judicial notice to properly authenticate and admit documents on political matters); *see also Balogun v. Ashcroft*, 374 F.3d 492, 506-07 (7th Cir. 2004) (taking judicial notice of country conditions documented in Department of State Country Reports).

In addition, Defendants submit the following numbered-paragraphs as affirmative motions in limine for pretrial evidentiary rulings. Defendants file this advance motion in limine to streamline the trial and address the admissibility under the Federal Rules of Evidence of potential proffered trial evidence. Defendants further request the Court's rulings on the items set forth below be deemed definitive rulings within the meaning of Federal Rule of Evidence 103(b), so that these rulings are applicable with or without timely objections at trial.

Rule 103(b) provides that if a court makes a definitive ruling on the record to admit or exclude evidence, a party need not renew an objection or offer of proof at trial to preserve a claim of error. Defendants request the Court clarify that all limine rulings are definitive, so that it will be understood that its terms are applicable with or without timely objection at trial, and in order to streamline trial, and preserve issues for appeal. *See Lawrey v. Good Samaritan Hosp.*, 751 F.3d 947, 951-52 (8th Cir. 2014) (holding an offer of proof at trial is not necessary to preserve a claim of error following a definitive ruling on a pretrial motion in limine). When the item presents a

purely legal issue that is not dependent of facts as they develop at trial, a definitive ruling is appropriate. *See Spencer v. Young*, 495 F.3d 945, 949 (8th Cir. 2007).

Accordingly, Defendants respectfully request the Court take judicial notice of the following, pursuant to Federal Rule of Evidence 201; pre-admit the evidence as affirmative motions in limine prior to trial; and grant Defendants' proposed theory of defense concerning the same.

## I. MATTERS FOR JUDICIAL NOTICE

*A. Factual Matters for Judicial Notice:*

Defendants request a ruling that each proposed fact paragraph be admitted, denied, or admitted in part and denied in part:

1. The Department of State initially designated Cameroon for "temporary protected status" because of ongoing armed conflict and extraordinary and temporary conditions in Cameroon that prevented nationals of Cameroon from returning in safety. *See Designation of Nationals of Cameroon for Temporary Protected Status,* Department of Homeland Security, 2022-12229 (87 FR 34706), published June 7, 2022, (available online at https://www.federalregister.gov/documents/2022/06/07/2022-12229/designation-of-cameroon-for-temporary-protected-status ).[1]

2. The extreme violence between government forces and armed separatists in the English-speaking regions (Northwest and Southwest) of Cameroon, as well as deadly attacks by the terrorist organization Boko Haram (including its breakaway faction, ISIS-West Africa (ISWAP) and vigilante self-defense groups in the Far North Region) continue to negatively impact the populations in the affected regions and beyond. *Id*.

3. Thousands of people have been killed in the English-speaking regions, and hundreds of thousands more remain in internally displaced person camps, while tens of thousands have sought refuge in the neighboring country of Nigeria. *Id*.

---

[1] Courts may also take judicial notice of information on a website "as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.'" *Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 n.8 (S.D.N.Y. 2006) (quoting Fed. R. Evid. 201(b)); see also *Pollstar v. Gigmania Ltd.*, 170 F. Supp. 2d 974, 978 (E.D. Cal. 2000) (taking judicial notice of printout of plaintiff's website at defendant's request in support of defendant's motion to dismiss); *Goplin v. WeConnect*, 893 F.3d 488, 491 (7th Cir. 2018) (holding it was proper for the district court to take judicial notice of party's website cited in opposing party's briefing).

4. Moreover, the government has increased restrictions on political opposition groups and civil society and there are reports that the government of Cameroon has committed human rights violations and abuses. *Id*.

5. The English-speaking regions—the Southwest and Northwest—make up approximately 20% of the country's population. The two regions continue to suffer from extreme violence, a crisis more severe than any other in contemporary Cameroon. *Id*.

6. In 2016, the peaceful protests calling for federalism led to fighting and to a demand for full independence after the government clamped down on protest leaders. *Id*.

7. On October 1, 2017, separatist groups unilaterally declared an independent state called the Republic of Ambazonia. *Id*.

8. The Republic of Ambazonia is also referred to as Southern Cameroons. The Ambazonian Restoration Forces (ARF) is the military wing of the de facto government of Southern Cameroons.

9. Since 2017, confrontation between government forces and separatists has killed more than 3,000 people, forced over 900,000 people from their homes, and kept around 800,000 children out of school. In 2020, the United Kingdom Home Office report assessed, "[o]ne in 3 people in the Anglophone regions are in need of humanitarian aid, including assistance with education, food, healthcare, shelter, water and sanitation. Many of the internally displaced persons (IDPs) remain in the English-speaking regions, hiding in remote bush areas. Sexual assault, exploitation and rape are frequently reported by female IDPs, and humanitarian assistance is hampered by the volatile security situation, especially in remote areas." *Id.*

Defendants respectfully request that the Court take judicial notice each numbered fact paragraph and pre-admit the same as an advanced motion in limine for trial.

*B. Documents for Judicial Notice:*

In addition, Defendants respectfully request that the Court take judicial notice of the following documents. *Omaha Tribe of Nebraska v. Barnett,* 245 F.Supp.2d 1049, 1052 (D. Neb. 2003) (taking judicial notice of certain public documents).

Legislative Actions by United States Congress:

10. House Resolution (H.Res) 358 of July, 2019. (Attached as Exhibit 1).
11. Senate Resolution (S.Res) 684 of Jan, 2021. (Attached as Exhibit 2).
12. H.Res 895 of Feb, 2022 (Attached as Exhibit 3).

United States Executive Branch Actions:

13. President Trump terminates Cameroon from Trade Preference Program (AGOA) in Oct, 2019 (Attached as Exhibit 4).
14. Cameroon designated for Temporary Protected Status (TPS) in June, 2022. Also see Ref: 87 FR 34706. (Attached as Exhibit 5).
15. United States Department of State, Country Report on Cameroon from 2017-2023. (Attached as Exhibit 6).

Defendants respectfully request that the Court take judicial notice each numbered document paragraph and pre-admit the same as an advanced motion in limine for trial.

## II. THEORY OF DEFENSE

The facts and documents set forth in section I, *supra*, are relevant to Defendants' theory of defense pursuant to the model instructions for charges under 2339A. Each defendant was aware of the proffered exhibits and documents regarding the crisis in Cameroon, and any of their alleged conduct was intended to alleviate that harm. The current Eighth Circuit Criminal Instructions do not contain a model instruction for 18 U.S.C. § 2339A. *See* Eighth Circuit Model Instructions (Criminal), Pattern Crim. Jury Instr. 8th Cir., (2023 Ed.).[2] Nonetheless, in the Eighth Circuit, Defendants may submit a Theory of Defense, pursuant to Eighth Circuit Model Jury Instruction 9.05.

A criminal defendant is entitled to have the jury instructed on a defense theory if a timely submission is made of an instruction that correctly states the law and is supported by the evidence.

---

[2] Available online at, https://juryinstructions.ca8.uscourts.gov/instructions/criminal/Criminal-Jury-Instructions.pdf (accessed August 21, 2024).

5
65239558v1

*United States v. Yielding*, 657 F.3d 688, 709 (8th Cir. 2011); *United States v. Christy*, 647 F.3d 768, 770 (8th Cir. 2011); *United States v. Hoffmann*, 556 F.3d 871, 874 (8th Cir. 2009). A defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor. *Mathews v. United States*, 458 U.S. 58, 63 (1988) (citing *Stevenson v. United States*, 162 U.S. 313 (1896)). A defendant should be allowed a "specific instruction on his theory of the case," which "direct[s] the jury attention" to the defense. *Id.* (citing *Apel v. United States,* 247 F.2d 277, 282 (8th Cir. 1957) and *United States v. Casperson*, 773 F.2d 216, 223 (8th Cir. 1985). *See United States v. Manning*, 618 F.3d 45, 48 (8th Cir. 1980) (failure to instruct on theory of defense reversible error).

Thus, Defendants submit a theory of defense which negates the element of specific intent to aid a terrorist organization or activity, an element in each Circuit with a model instruction for 18 U.S.C. 2339A. "To be convicted under Section 2339A, a defendant must have possessed the specific intent that the material support or resources provided would be used to further unlawful terrorist activity." Seventh Circuit Model Jury Instructions (Criminal), Pattern Crim. Jury Instr. 7th Cir., at p. 974 (2023 Ed.); *accord* Eleventh Circuit Model Jury Instructions (Criminal), Pattern Crim. Jury Instr. 11th Cir., at O91.1 (See Docs. 129-1, 129-2, for complete copies of the Seventh and Eleventh Circuit Model Instruction for 18 U.S.C. 2339A). "Note the difference between Section 2339A and Section 2339B: in Section 2339A, the object of the intent or knowledge requirement is the terrorist activity itself; in contrast, the mental state for a conviction under Section 2339B requires only that the defendant seek to further the terrorist organization, not necessarily its specific acts." Seventh Circuit Model Jury Instructions (Criminal), Pattern Crim. Jury Instr. 7th Cir., at p. 974 (2023 Ed.).

The judicially noticeable facts and documents should be admitted in advance of Defendants' trial as directly relevant to their Theory of Defense. Defendants propose they may pursue their Theory of Defense as set forth more fully in the Seventh Circuit Model Instruction, previously filed with the Court. (See Doc. 129-1).

Whether rooted in the Due Process Clause, the Compulsory Process Clause, or the Confrontation Clause, the Constitution guarantees criminal defendants "a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1985). At a minimum, a criminal defendant has the right to "put before a jury evidence that might influence the determination of guilt." *Newman v. Hopkins*, 247 F.3d 848, 852 (8th Cir. 2001) (citing *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987)). The right to present a defense at trial "stands on no less footing" than other trial rights guaranteed by the Sixth Amendment. *Id.* (citing *Taylor v. Illinois*, 484 U.S. 400, 409 (1988)). *See also California v. Trombetta*, 467 U.S. 479, 485 (1984) (due process requires fair opportunity to present defense); *Washington v. Texas*, 388 U.S. 14, 19 (1967) (right to present a defense through procuring favorable testimony is fundamental element of due process).

WHEREFORE, Defendants respectfully request that the Court take judicial notice of the aforementioned facts and documents, pre-admit the same as motions in limine and permit Defendants to proceed on their proposed theory of defense and for all further relief the Court deems proper and just.

DATED: January 13, 2025                    Respectfully submitted,

By:   */s/ Jackson R. Hobbs*
      Jackson R. Hobbs, MO #71004
      LATHROP GPM LLP
      2345 Grand Boulevard, Suite 2200
      Kansas City, Missouri 64108-2618
      Telephone:   816-292-2000
      Facsimile:   816-292-2001
      Jackson.hobbs@lathropgpm.com

      **Attorney for Defendant Francis Chenyi Sr.**

      */s/ Stephen C. Moss*
      Assistant Federal Defender
      1000 Walnut Street, Suite 1000
      Kansas City, MO 64106
      816-471-8282
      steve_moss@fd.org
      **Attorney for Defendant Chi**

      */s/ J. Lindsey Ikram*
      J. Lindsey Ikram, MO #68155
      Wood Ikram Law Firm
      105 E. 5th Street, Suite 402
      Kansas City, MO 64106
      Telephone 816-875-4649
      Fax 816-466-5009
      Lindsey@woodikramlaw.com

      **Attorney for Defendant Langmi**

## CERTIFICATE OF SERVICE

The undersigned hereby certified that on January 13, 2025, a copy of the foregoing was electronically filed with the CM/ECF system of the United States District Court for the Western District of Missouri, which electronically notifies all counsel of record.

*/s/ Jackson R. Hobbs*
An Attorney for Defendant