IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:22-cr-00261-RK ) |
| FRANCIS CHENYI, SR., | ) ) |
| Defendant. | ) |

**DEFENDANT'S THIRD MOTION IN LIMINE TO EXCLUDE EVIDENCE**

Defendant Francis Chenyi Sr., by and through his attorney of record, moves the Court for an order *in limine* precluding the Government from attempting to introduce evidence, elicit testimony, or make any reference during *voir dire*, opening statement, trial, or closing statement. In support of this Motion, Defendant states the following:

**INTRODUCTION**

Mr. Chenyi proceeds to trial on three counts. Counts One and Two charge a violation of 18 U.S.C. §2339A(a), Provision of Material Support to Terrorists, a conspiracy and substantive offense respectively. The section 2339A counts require proof beyond a reasonable doubt that the defendants specifically intended to support a conspiracy to kill in a foreign country in violation of 18 U.S.C. § 956 or to use a weapon of mass destruction outside of the United States in violation of 18 U.S.C. § 2332a(b). Count Four[1] charges Mr. Chenyi with conspiracy to launder money instruments in violation of 18 U.S.C. 1956(a)(2)(A) and (h).

---

[1] Count Three was dismissed by the Government before trial. (Doc. 179).

Defendant already filed two motions for judicial notice, advanced motions in limine to admit evidence, and proposed theories of defense (Doc. 142) (Doc. 155), which the Court denied (Doc. 153) (Doc. 176). Notwithstanding the Court's prior rulings, Mr. Chenyi renews and incorporates those filings as if fully set forth herein.

## LEGAL STANDARD

A motion in limine refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Motion in Limine, Black's Law Dictionary* (11th ed. 2019) (defining "motion in limine" as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial"). *United States v. Broussard*, 589 F. Supp. 3d 1031, 35-36 (D. Minn. 2022). District courts have broad discretion when ruling on motions in limine. *Id.* (citing *United States v. Lasley*, 917 F.3d 661, 665 (8th Cir. 2019)).

## ARGUMENT

Mr. Chenyi moves *in limine* for an order prohibiting the Government and witnesses called by the Government from offering evidence that is not relevant to the charges, evidence that's probative value is substantially outweighed by danger of unfair prejudice, and inadmissible hearsay testimony.

> **1. The Government's proposed evidence of testimony or evidence regarding violence and terrorism not directly related to Mr. Chenyi's alleged acts should be precluded because it is not relevant to the charges brought against Mr. Chenyi**

**Count I and II Elements:** In order to prove the section 2339A offense the government must establish by proof beyond a reasonable doubt that:

(1) the defendants, within the United States, provided material support or resources, or concealed or disguised the nature, location, or source of material support or resources; and,

(2) the defendants' provision of material support or resources, or their concealment or disguise of the nature, location, or source of the material support or resources, was done knowing or intending that the support or resources were to be used in preparation for, or in carrying out, a conspiracy to murder, outside the United States, or to use a weapon of mass destruction outside of the United States.

The government must also prove the predicate acts – a particular "conspiracy to kill in a foreign country" and a particular "conspiracy to use a weapon of mass destruction outside of the United States." A person who "within the jurisdiction of the United States, conspires with one or more other persons [..] to commit at any place outside the United States an act that would constitute the offense of murder" is in violation of the predicate 18 U.S.C. § 956 offense. A "national of the United States who, without lawful authority, uses, or threatens, attempts, or conspires to use, a weapon of mass destruction outside of the United States" is in violation of the predicate § 2332a offense.

**Count IV Elements:** A violation of 18 U.S.C. 1956(a)(2)(A) requires: (1) knowingly conducting a financial transaction; (2) known to involve and actually involving proceeds of specified unlawful activity; (3) with the intent to promote the carrying on of specified unlawful activity.

**Evidentiary Standard:** Under the Federal Rules of Evidence, evidence is only admissible if it is relevant. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The Court may exclude evidence if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. Even where certain evidence is relevant, it should be excluded where there is concern that the evidence could "lure the fact-finder into declaring guilt on a ground

different from proof specific to the offense charged." *United States v. Frost*, 234 F.3d 1023, 1025 (8th Cir. 2000) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)). In balancing the probative value of evidence with its prejudicial effect, the main issue to be considered is the level of unfairness of the prejudicial evidence and whether it leans toward supporting a decision on an improper basis. *Id.*

**Analysis:** The only facts relevant to violent acts are those related to the particular conspiracy to kill in a foreign country and the particular conspiracy to use weapons of mass destruction. Thus, testimony regarding other violence concerning the Cameroon conflict— indeed anything that is not related to the particular conspiracies as alleged, has no tendency at all to make the fact of the predicate § 956 or § 2332a conspiracies more or less probable than it would be without such testimony.

The only questions of fact for which testimony of violence is relevant are (a) whether the alleged predicate § 956 conspiracy to kill in a foreign country existed, and (b) whether the alleged predicate § 2332a conspiracy to use a weapon of mass destruction existed. Thus, testimony regarding other violence—indeed anything that is not related to the existence of the predicate conspiracies—has no tendency at all to make the existence of the predicate § 956 or § 2332a conspiracies more or less probable than it would be without such testimony.

To the contrary, such testimony is unduly prejudicial and should be precluded under Rule 403, Fed. R. Evid. Not only would testimony about violence that goes beyond the alleged conspiracies be completely irrelevant, but: (1) it is devoid of probative value and is thus substantially outweighed by the danger of unfair prejudice; (2) it would mislead the jury to believe that general acts of violence and terrorism are at issue, and thus confuses the issues in the case; and (3) it would cause undue delay and is a waste of time because violent

acts occurring in Cameroon have no legitimate bearing on the outcome of this case unless they are directly related to the alleged conspiracies to kill in a foreign country and/or use a weapon of mass destruction.

> **2. Digital Media Evidence of Regarding Photos, Videos, and Other Media Discussed Via Text Messages with Mr. Chenyi is Inadmissible Hearsay Within Hearsay.**

Hearsay is an out of court statement offered to prove the truth of the matter asserted in the statement. *See* Fed. R. Evid. 801. Hearsay is inadmissible unless otherwise permitted by federal statute, the Federal Rules of Evidence, or Supreme Court Rules. Fed. R. Evid. 802. Additionally, hearsay within hearsay is excluded if any part of the combined statements of a witness does not conform with an exception to the rule. *See* Fed. R. Evid. 805. If evidence contains multiple levels of out-of-court statements, the Court must examine each level to determine whether the statements are hearsay and if each level of hearsay falls under an exception. *Hoselton v. Metz Baking Co.*, 48 F.3d 1056, 1061 (8th Cir. 1995).

Mr. Chenyi's co-defendants, Claude Ngenevu Chi and Lah Nestor Langmi, made statements between each other that fall within an exception to the rule against hearsay as co-conspirator statements. Rule 801 deems admissible statements offered against an opposing party made by the party's coconspirator during and in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E). However, any testimony or evidence from texts between Mr. Chi or Mr. Langmi containing hearsay within them (such as video, text, and photo media) shared between them and Mr. Chenyi is inadmissible hearsay within hearsay. For example, the Government intends to introduce various photographs, videos, and word documents texted back-and-forth between the co-defendants. Yet, all of this information is inadmissible hearsay within hearsay that cannot be cross-examined. Therefore, it should be excluded from introduction to the jury during trial.

### 3. The State Department's Cameroon Human Rights Reports, Country Reports, Reports on Terrorism, and Designated Terrorist Organization List Should be Admitted Under the Public Records Exception to Hearsay.

Simultaneous to this motion in limine, Mr. Chenyi has filed his proposed Exhibit List for trial, which includes various Department of State Reports found in the public record—and two which the Government produced in discovery. Based on those exhibits he intends to rely on at trial, he submits the following motion in limine to include and admit that evidence during trial.

A public record, a record or statement of a public office, is an exception to the rule against hearsay. Fed. R. Evid. 803(8). A public record is admissible in court if: (A) the record sets out the office's activities or factual findings from a legally authorized investigation; and (B) "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8); *Alinejad v. Islamic Republic of Iran*, No. 19-CV-3599 (GMH), 2023 WL 4684929, at *16 (D.D.C. July 6, 2023). Courts may also admit conclusions and opinions contained within a public record that are based on the report's investigation. *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 170 (1988).

The *Alinejad* court admitted a report from the State Department containing findings concerning Iran human rights issues because the State Department was "clearly a public office" and the report had no indicia of unreliability. *Alinejad*, 2023 WL 4684929, at *16. In *Sotloff v. Syrian Arab Republic*, the court admitted a State Department Report on Terrorism in foreign countries, noting that the report "contain[ed] factual findings and conclusions regarding terrorism in various countries [and] complied pursuant to 22 U.S.C.

§ 2656f, which requires annual reports on terrorism." *See Sotloff v. Syrian Arab Republic*, 525 F. Supp. 3d 121, 130 n.10 (D.D.C. 2021).

The Cameroon Human Rights Report, Country Reports on Terrorism, Country Reports, and Designated Terrorist Organization List fall under the public records exception to hearsay. All the reports were created by the U.S. State Department, satisfying the exception's first element. Additionally, the reports set out factual findings from an investigation done by the State Department, required by 22 U.S.C. § 2656f. Thus, these reports are from a legally authorized investigation, satisfying the second element. Finally, the reports do not demonstrate any lack of trustworthiness. The State Department's Country Reports are released yearly pursuant to statute and are given to the United States Congress to inform Congress of acts of international terrorism. *See* 22 U.S.C. § 2656f(a). "Pursuant to the broad approach to admissibility under Rule 803(8), a court may also admit conclusions or opinions contained within a public record." *Owens v, Republic of Sudan*, 864 F.3d 751, 792 (D.C. Cir. 2017) (admitting a State Department Country Report on Terrorism under Fed. R. Evid. 803(8) because it "fit squarely within the public records exception" to the hearsay rule) (cleaned up). Therefore, these reports should be admitted as evidence at trial under the public records exception to hearsay.

*In the alternative*: Even if the Court does not admit these documents based on the admissible hearsay exception discussed above, it should still be admitted for the effect that the statements tended to have on Mr. Chenyi. "Generally, an out-of-court statement admitted to show its effect on the hearer is not hearsay." *United States v. Rivera*, 780 F.3d 1084, 1092 (11th Cir. 2015). The hearsay exception of Fed. R. Evid. 803(3), includes, "[a] statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or

7
81396181.v1
Case 4:22-cr-00261-RK    Document 191    Filed 11/17/25    Page 7 of 10

emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health)" . . . "are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness." Fed. R. Evid. 803. The documents proffered by Mr. Chenyi will be offered for the effect they had on him and his mental state concerning the conflict in Cameroon—which he offers to defeat his lack of intent to commit each of the three charges he faces at trial. "The most significant statements admitted under Rule 803(3) arise in a subset of cases where the motive for action is disputed, such as when defendants claim a lack of criminal intent." Wright & Miller, Federal Rules of Evidence, *§ 6833 Focus on Relevance, 30B Fed. Prac. & Proc. Evid. § 6833 (2023 ed.)*. That is precisely the scenario presented in Mr. Chenyi's case: did he knowingly intend and to provide material support or resources to a terrorist organization? That is a central question the jury will answer at the upcoming trial—and evidence concerning Mr. Chenyi's intent is squarely relevant and not offered for any purpose that would cause its exclusion as hearsay. "Out-of-court statements of a then-existing state of mind can be critical to the fact finder seeking to understand the defendant's motivation for acting in a certain manner." *Id.*

### 4. Confrontation Issues

The Confrontation Clause of the Sixth Amendment provides: "in all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." In *Crawford*, the Supreme Court held that pre-trial, testimonial statements may not be admitted against a defendant at trial where the defendant has not had a chance to cross-examine the declarant. *Crawford v. Washington*, 124 S. Ct. 1354, 1374 (2004). This is true even where the statements fall within a "firmly rooted hearsay exception" or bear "particularized guarantees of trustworthiness." *Id*. at 1369. Mr. Chenyi anticipates the government will attempt to provide statements made by several individuals to FBI agents. For example, the Government has indicated it intends to rely on purported

victim statements, statements from individuals who reside in Cameroon, and will not attend trial. These statements are testimonial—or made for the purpose of litigation—and Mr. Chenyi will not have the opportunity to cross-examine such individuals during trial. *Crawford*, 124 S. Ct. at 1374. Therefore, the statements are inadmissible against Mr. Chenyi, unless he is given the opportunity to cross-examine the declarant in court.

### 5. At a Minimum, the Court Should Reserve Ruling on Mr. Chenyi's Motion in Limine.

If the Court is inclined to deny the Mr. Chenyi's motion in limine, in whole or in part, Mr. Chenyi would at least request that any ruling be reserved for a final determination at the December 1 jury trial because "rulings in limine are merely interlocutory and subject to change during the course of trial upon proper objection by counsel." *Advanced Physical Therapy, LLC v. Apex Physical Therapy LLC*, No. 6:20-cv-03043-RK, 2022 WL 18584768 (W.D. Mo. Jul. 26, 2022) (citing *Walzer v. St. Joseph State Hosp.,* 231 F.3d 1108, 1113 (8th Cir. 2000)). "Evidentiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial." *Walzer*, 231 F.3d at 1113. Rather than foreclosing evidence through a pretrial motion in limine, the appropriate outcome is for the party claiming exclusion to reassert the objections at trial if they deem it appropriate to do so.

### CONCLUSION

WHEREFORE, for the foregoing reasons, Mr. Chenyi submits his motions in limine prior to trial and prays for all relief the Court deems necessary and just under the circumstances.

DATED: November 17, 2025 　　　　　　　Respectfully submitted,

By:   */s/ Jackson R. Hobbs*
Jackson R. Hobbs, MO #71004
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone:　816-292-2000
Facsimile:　816-292-2001
Jackson.hobbs@lathropgpm.com

**Attorney for Defendant**

## CERTIFICATE OF SERVICE

The undersigned hereby certified that on November 17, 2025, a copy of the foregoing was electronically filed with the CM/ECF system of the United States District Court for the Western District of Missouri, which electronically notifies all counsel of record.

*/s/ Jackson R. Hobbs*
An Attorney for Defendant