IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:22-cr-00261-RK ) |
| FRANCIS CHENYI, SR., | ) ) |
| Defendant. | ) ) |

### DEFENDANT'S SUGGESTIONS IN OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE

Defendant Francis Chenyi Sr., by and through his attorney of record, submits the following suggestions opposing the Government's motion *in limine* (Doc. 188):

### INTRODUCTION

Mr. Chenyi proceeds to trial on three counts. Counts One and Two charge a violation of 18 U.S.C. §2339A(a), Provision of Material Support to Terrorists, a conspiracy and substantive offense respectively. The section 2339A counts require proof beyond a reasonable doubt that the defendants specifically intended to support a conspiracy to kill in a foreign country in violation of 18 U.S.C. § 956 or to use a weapon of mass destruction outside of the United States in violation of 18 U.S.C. § 2332a(b). Count Four[1] charges Mr. Chenyi with conspiracy to launder money instruments in violation of 18 U.S.C. 1956(a)(2)(A) and (h).

Defendant already filed two motions for judicial notice, advanced motions in limine to admit evidence, and proposed theories of defense (Doc. 142) (Doc. 155), which the Court

---

[1] Count Three was dismissed by the Government before trial. (Doc. 179).

denied (Doc. 153) (Doc. 176). Notwithstanding the Court's prior rulings, Mr. Chenyi renews and incorporates those filings as if fully set forth herein.

## LEGAL STANDARD

A motion in limine refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Motion in Limine, Black's Law Dictionary* (11th ed. 2019) (defining "motion in limine" as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial"). *United States v. Broussard*, 589 F. Supp. 3d 1031, 35-36 (D. Minn. 2022). District courts have broad discretion when ruling on motions in limine. *Id.* (citing *United States v. Lasley*, 917 F.3d 661, 665 (8th Cir. 2019)).

## ARGUMENT

**1. The Government's Motion in Limine should be denied because the evidence the Government moves to exclude is squarely relevant to an element of each charge: Mr. Chenyi's intent.**

The Government argues in its Motion in Limine (Doc. 188) that this Court should preclude Mr. Chenyi from introducing evidence regarding the defenses of duress/coercion, necessity/justification, self-defense, defense of others, or the lawful combatant immunity defense. Mr. Chenyi does not dispute that this Court rendered rulings denying Mr. Chenyi from pursuing these affirmative defenses at trial. *See* Doc. 176 at 5. However, evidence related to these defenses, particularly the defenses of lawful combatant immunity and defense of others, should still be admitted at trial under Mr. Chenyi's theories of defense.

Evidence relating to elements of an offense are axiomatically always relevant. Mr. Chenyi is first charged with violating 18 U.S.C. § 2339A, which requires the Government to prove the mens rea of specific intent. *See Holder v. Humanitarian L. Project*, 561 U.S. 1,

2

81492562.v1

Case 4:22-cr-00261-RK    Document 199    Filed 11/24/25    Page 2 of 6

130 S. Ct. 2705, 2709, 177 L. Ed. 2d 355 (2010); *United States v. Sattar*, 314 F. Supp. 2d 279, 296 (S.D.N.Y. 2004), *aff'd sub nom. United States v. Stewart*, 590 F.3d 93 (2d Cir. 2009). Mr. Chenyi is also charged with violating 18 U.S.C. § 1956(a)(2)(A), which also requires a showing of specific intent. *United States v. Garcia*, 99 F.4th 253, 262-63 (5th Cir. 2024). Therefore, all evidence pertaining to Chenyi's mens rea and whether he specifically intended to commit the crimes charged under § 2339A and § 1956(a)(2)(A) should be admitted at trial.

While the Court rendered rulings on potential *affirmative defenses*, as described in the Government's Motion in Limine (Doc. 188), theories of defense are still available based on the expected evidence at trial, and the elements that the Government must prove beyond a reasonable doubt. As the Eight Circuit Model Instructions observe:

> In some situations a defendant may be entitled to a "theory-of-defense" instruction, which is a different concept from an "affirmative defense." An "affirmative defense" introduces an additional element into the case which must be proved by the defendant, in the case of insanity, coercion or withdrawal from conspiracy, or disproved by the government, in the case of entrapment or self-defense. A "theory of defense," on the other hand, is a denial of one of the original elements of the offense.

Judicial Committee on Model Jury Instructions for the Eighth Circuit, *Manual Model Criminal Jury Instructions for the District Courts of the Eighth Circuit* 702 (2023 ed.), (accessed November 24, 2025 https://juryinstructions.ca8.uscourts.gov/ ).

18 U.S.C. § 2339A is primarily a statute aimed at reaching those persons who provide material support to terrorists *knowing* that such support will be used to commit one of the offenses specified in the statute. (The offenses specified in the statute are: 18 U.S.C. §§ 32, 37, 81, 175, 351, 831, 842(m) or (n), 844(f) or (i), 956, 1114, 1116, 1203, 1361, 1362, 1363, 1366, 1751, 2155, 2156, 2280, 2281, 2332, 2332a, 2332b, or 2340A and 49 U.S.C. § 46502.) The Antiterrorism and Effective Death Penalty Act of 1996 amended § 2339A to

3

81492562.v1
Case 4:22-cr-00261-RK     Document 199     Filed 11/24/25     Page 3 of 6

expand its list of terrorist type offenses. *See* Pub. L. 104-132, § 323, 110 Stat. 1214, 1255. The section requires that the supplier of the material support, here Mr. Chenyi, has "knowledge of its intended use." Department of Justice, *Criminal Resource Manual 1-499.15: Providing Material Support To Terrorists* (18 U.S.C. § 2339A).[2]

Here, as charged by the Government, the intended use was in support of the purported terrorist organization, ARF. Therefore, Mr. Chenyi submits that his belief concerning whether or not he was specifically intending to aid a terrorist organization—including whether the organization was responding with justification to the Cameroon government—is squarely relevant for trial because the evidence will be offered to defeat the mens rea element of each charge. Thus, he opposes the Government's motion in limine.

Additionally, because each of the charges against him imposes an element of specific intent, Mr. Chenyi submits that the evidence at trial will show he acted without the requisite intent to aid a terrorist organization when he provided support. Therefore, under Eighth Circuit Model Instructions, he submits that he is entitled to a Theory of Defense on his good faith. "There is no question that a defendant in a criminal case is entitled to have the jury know what he contends, and that ordinarily he is entitled to a 'theory of defense' or a 'position' instruction if he makes a timely request for such an instruction, if the request is supported by evidence, and if it sets out a correct declaration of law." *United States v. Brake*, 596 F.2d 337, 339 (8th Cir. 1979) (citations omitted). "The evidence need not be overwhelming, and a defendant is entitled to an instruction on a theory of defense even

---

[2] Available online at, https://www.justice.gov/archives/jm/criminal-resource-manual-15-providing-material-support-terrorists-18-usc-2339a#:~:text=The%20Antiterrorism%20and%20Effective%20Death,14 (last visited Nov. 21, 2025).

though the evidentiary basis for that theory is "weak, inconsistent, or of doubtful credibility." *United States v. Scout*, 112 F.3d 955, 960 (8th Cir. 1997) (citing *Closs v. Leapley*, 18 F.3d 574, 580 (8th Cir. 1994)).

Where, as here, Mr. Chenyi claims a good faith defense—that he was justified in providing material support to others that were not in fact terrorists, then he is entitled to a good faith theory of defense. *United States v. Arnold*, 543 F.2d 1224 (8th Cir. 1976). Further, these theories of defense reinforce the government's burden to prove every element of the crimes charged, including the mens rea. *See Garcia*, 99 F.4th at 262 ("Section 1956(a)(2)(A)'s intent requirement is 'stringent'"). It has been held reversible error not to give a properly requested instruction that is supported by the evidence, contains a correct statement of law, and is not otherwise adequately covered in the instructions. *United States v. Manning*, 618 F.2d 45, 47-48 (8th Cir. 1980) (failure to instruct that mere presence or proximity to an unregistered weapon is an insufficient basis for conviction).

### 2. At a Minimum, the Court Should Reserve Ruling on Mr. Chenyi's Motion in Limine.

If the Court is inclined to deny the Mr. Chenyi's motion in limine, in whole or in part, Mr. Chenyi would at least request that any ruling be reserved for a final determination at the December 1 jury trial because "rulings in limine are merely interlocutory and subject to change during the course of trial upon proper objection by counsel." *Advanced Physical Therapy, LLC v. Apex Physical Therapy LLC*, No. 6:20-cv-03043-RK, 2022 WL 18584768 (W.D. Mo. Jul. 26, 2022) (citing *Walzer v. St. Joseph State Hosp.,* 231 F.3d 1108, 1113 (8th Cir. 2000)). "Evidentiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial." *Walzer*, 231 F.3d at 1113. Rather than foreclosing evidence through a pretrial motion in limine, the

appropriate outcome is for the party claiming exclusion to reassert the objections at trial if they deem it appropriate to do so.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Mr. Chenyi submits his suggestions opposing the Government's motion in limine prior to trial and prays for all relief the Court deems necessary and just under the circumstances.

DATED: November 24, 2025

Respectfully submitted,

By:   */s/ Jackson R. Hobbs*
     Jackson R. Hobbs, MO #71004
     LATHROP GPM LLP
     2345 Grand Boulevard, Suite 2200
     Kansas City, Missouri 64108-2618
     Telephone: 816-292-2000
     Facsimile: 816-292-2001
     Jackson.hobbs@lathropgpm.com

**Attorney for Defendant**

## CERTIFICATE OF SERVICE

The undersigned hereby certified that on November 24, 2025, a copy of the foregoing was electronically filed with the CM/ECF system of the United States District Court for the Western District of Missouri, which electronically notifies all counsel of record.

*/s/ Jackson R. Hobbs*
An Attorney for Defendant